UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>COLORADO INTERNET SERVICES, LLC, a Colorado Limited Liability Company d/b/a ONE OFFICE SOFTWARE; ERIK JEFFRIES, an Individual; MY CHOICE SOFTWARE, LLC, a California Limited Liability Company; DIGISOFT, LLC, a Washington Limited Liability Company; BARGAIN SOFTWARE SHOP, LLC, a Texas Limited Liability Company; FIRST SOFTWARE SOURCE, a Business Entity of Unknown Status; SOFTWARE TECH, a Business Entity of Unknown Status; SOFTWARE SPEEDY, a Business Entity of Unknown Status; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV13-04193 EMC<br><br>**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS COLORADO INTERNET SERVICES, LLC d/b/a ONE OFFICE SOFTWARE AND ERIK JEFFRIES** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction ("Stipulation"), between Plaintiff ADOBE SYSTEMS INCORPORATED ("Plaintiff"), on the one hand, and Defendants COLORADO INTERNET SERVICES, LLC d/b/a ONE OFFICE SOFTWARE AND ERIK JEFFRIES ("Defendants"), on the other hand, hereby ORDERS, ADJUDICATES

and DECREES that a permanent injunction shall be and hereby is entered against Defendants as follows:

1. **PERMANENT INJUNCTION.**  Defendants and any person or entity acting in concert with, or at their direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   a. importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiff's Trademarks, which is attached and incorporated by reference hereto ex Exhibit "A," and Copyrights, which is attached and incorporated by reference hereto ex Exhibit "B," including but not limited to ADOBE®, CREATIVE SUITE®, ACROBAT® marks and works, and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   b. copying or downloading, other than for personal use of a validly licensed and registered software, of any software containing Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, CREATIVE SUITE®, ACROBAT® marks and works, and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights;

   c. performing or allowing others employed by or representing them, or under their control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, CREATIVE SUITE®, ACROBAT® marks and works, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

1          d.     engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, federal copyright infringement, or other act which would tend damage or injure Plaintiff; and/or

         e.     using any Internet domain name or website that includes any of Plaintiff's Trademarks and Copyrights, including the ADOBE®, CREATIVE SUITE®, ACROBAT® marks and works.

2. Defendants are ordered to deliver immediately for destruction all unauthorized products, including counterfeit ADOBE® software products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in her possession or under her control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendants' possession.

3. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court, and the case shall be dismissed only as to Defendants COLORADO INTERNET SERVICES, LLC d/b/a ONE OFFICE SOFTWARE AND ERIK JEFFRIES upon entry of this Permanent Injunction.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

5. Defendants will be making an agreed upon payment to Plaintiff, as more particularly described in a separate Confidential Settlement Agreement.

6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

/ / /

/ / /

1    7.    **NO FEES AND COSTS.**  Each party shall bear its/his/her own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this <u>27th</u> day of <u>February</u>, 2014.

_____
Hon. Edward M. Chen
United States District Judge
Northern District of California

*IT IS SO ORDERED*
*Judge Edward M. Chen*

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On February 17, 2014, I served the within document(s):

**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS COLORADO INTERNET SERVICES, LLC d/b/a ONE OFFICE SOFTWARE AND ERIK JEFFRIES**

☒    CM/ECF - by electronically transmitting the document(s) listed above to:

**Richard E. Quintilone, Esq.**
**QUINTILONE & ASSOCIATES**
**22974 El Toro Road, Suite 100**
**Lake Forest, CA 92630-4961**
**Attorneys for Defendant**
**MY CHOICE SOFTWARE, LLC**

**Thomas E. Moore III**
**ROYSE LAW FIRM, PC**
**1717 Embarcadero Road**
**Palo Alto, California 94303**
**Attorney for Defendant**
**DIGISOFT, LLC**

**Andrew D. Winghart, Esq.**
**Winghart Law Group**
**495 Seaport Court, Suite 104**
**Redwood City, California 94063**
**Attorney for Defendant,**
**SOFTWARE TECH**

**Ali Kamarei , Esq.**
**Knight Rider Building**
**50 West San Fernando St.,**
**Suite 900**
**San Jose, CA 95113**
**Attorney for Defendant.**
**Bargain Software Shop, LLC**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 17, 2014, at Woodland Hills, California.

*Evelyn Ruano*
_____
Evelyn Ruano

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On February 17, 2014, I served the within document(s):

**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS COLORADO INTERNET SERVICES, LLC d/b/a ONE OFFICE SOFTWARE AND ERIK JEFFRIES**

☒   Mail – by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below:

Colorado Internet Services, LLC
d/b/a One Office Software
10835 Dover Street, Suite 500
Westminster, Colorado 80021

Erik Jeffries
10835 Dover Street, Suite 500
Westminster, Colorado 80021

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 17, 2014, at Woodland Hills, California.

*Evelyn Ruano*

_____
Evelyn Ruano