UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLORADO INTERNET SERVICES, LLC, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-13-4193 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO SEVER AND DISMISS**<br><br>**(Docket Nos. 26, 30, 31)** |

## I. INTRODUCTION

Adobe Systems Incorporated ("Adobe") filed the instant action alleging trademark and copyright infringement against a number of defendants stemming from their alleged sale of counterfeit or unauthorized copies of Adobe's software products. Defendants Software Tech, Bargain Software Shop, LLC and My Choice Software, LLC have moved to sever and dismiss the claims against them. Defendants claim that Adobe has misjoined them in this action and that the standard for permissive joinder under Fed. R. Civ. P. 20 has not been met. In the alternative, Defendants have filed a motion for a more definite statement under Fed. R. Evid. 12(e). The Court finds this matter suitable for disposition without a hearing and thus **VACATES** the hearing on the motion set for March 6, 2014. For the following reasons, the Court **GRANTS** Defendants' motions to sever and dismiss and **DENIES** as moot the motions for a more definite statement.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Adobe filed the instant action on September 10, 2013 (Docket No. 1) and filed a First Amended Complaint ("FAC") on October 11, 2013. Docket No. 6. Adobe is a computer software

producer, having created a number of products under the "Adobe" and "Acrobat" trademarks. FAC ¶ 25-28. Adobe claims that "[s]oftware piracy undermines [its] investment and creativity, and misleads and confuses consumers." *Id.* ¶ 25. Given the popularity of Adobe's products, "its products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame [Adobe] has spent considerable effort to build up in its products and marks." *Id.* ¶ 32.

Plaintiff alleges that Defendants operate a variety of websites on which they offer "various software products, including altered, unauthorized and/or counterfeit ADOBE-branded software products." *Id.* ¶ 34. The FAC includes the following specific allegations as to each of the Defendants:

- "On or about September 3, 2013, Plaintiff's investigator purchased a purported Adobe Acrobat XI Professional for Windows from Defendant Colorado Internet Services, LLC. . . ." *Id.* ¶ 36.
- "On or about October 9, 2013, Plaintiff's investigator purchased a purported Adobe Acrobat X Standard OEM Download from Defendant My Choice Software . . . ." *Id.* ¶ 37.
- "On or about September 25, 2013, Plaintiff's investigator purchased a purported Adobe Acrobat XI Professional – 2 PC Download from Defendant DIGISOFT, LLC . . . ." *Id.* ¶ 39.
- "On or about February 14, 2013, Plaintiff's investigator purchased a purported Adobe Acrobat XI Pro from Defendant Bargain Software Shop, LLC . . . ." *Id.* ¶ 40.
- "On or about September 25, 2013, Plaintiff's investigator purchased a purported Adobe Acrobat XI Pro from Defendant First Source Software . . . ." *Id.* ¶ 41.
- "On or about October 8, 2013, Plaintiff's investigator purchased a purported Adobe Acrobat Professional XI Download from Defendant Software Tech . . . ." *Id.* ¶ 42.
- "On or about October 2, 2013, Plaintiff's investigator purchased a purported Adobe Acrobat X Standard Full Retail Download from Defendant Software Speedy . . . ." *Id.* ¶ 43.

After the investigator purchased the above software, each Defendant provided the investigator with a serial number to activate the download. *Id.* ¶ 44. Adobe confirmed that these serial numbers were "counterfeit, educational and/or OEM product not for resale." *Id.*

2

Adobe alleges that the Defendants' "dealings in counterfeit and unauthorized product' violate its "exclusive rights in the copyrighted material, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of [Adobe's] trademarks." *Id.* ¶ 45. Accordingly, Adobe asserts five causes of action against Defendants: (1) Trademark infringement in violation of 15 U.S.C. § 1114; (2) False designation of origin/false or misleading advertising/unfair competition in violation of 15 U.S.C. § 1125(a); (3) Dilution in violation of 15 U.S.C. § 1125(c); (4) Copyright infringement in violation of 17 U.S.C. § 501(a); and (5) Unlawful, unfair, or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

Defendants Software Tech, Bargain Software Shop, and My Choice Software have filed essentially identical motions to sever and dismiss the claims against them, arguing that the standard for joinder under Federal Rule of Civil Procedure 20 has not been met. Adobe opposes these motions.

### III.  DISCUSSION

Federal Rule of Civil Procedure 20(a)(2) governs the permissive joinder of multiple defendants into a single action and provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Both requirements – that the right to relief as to each defendant arise out of the same transaction, occurrence, or series of transactions or occurrences and that a common question of law or fact exist – are mandatory and must exist for joinder to be appropriate. *See Assurance Co. v. Nat'l Fire & Marine Ins. Co.*, No. 2:13-CV-821 JCM (PAL), 2013 WL 4042222, at *4 (D. Nev. Aug. 8, 2013).

"The phrase 'same transaction, occurrence, or series of transactions or occurrences' requires 'a degree of factual commonality underlying the claims.'" *U.S. Ethernet Innovations, LLC v. Acer,*

*Inc.*, No. C10-03724 JW, 2010 WL 9934741, at *3 (N.D. Cal. Dec. 21, 2010) (citation omitted); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (finding that the "same transaction" requirement "refers to similarity in the factual background of a claim" and that plaintiffs in that case failed to demonstrate their claims arose out of a "systematic pattern of events"). For purposes of examining whether Adobe has satisfied Rule 20's requirements for joinder, the Court takes as true all allegations plead in the complaint. *See, e.g.*, *Edwards-Bennett v. H. Lee Moffitt Cancer & Research Inst., Inc.*, 8:13-CV-00853-T-27, 2013 WL 3197041 (M.D. Fla. June 21, 2013) ("When assessing whether the requirements of Rule 20(a)(2) are satisfied, the factual allegations of the complaint are accepted as true."); *see also San Francisco Tech, Inc. v. The Glad Products Co.*, 10-CV-00966, 2010 WL 2943537 (N.D. Cal. July 26 2010).

Here, Adobe has failed to demonstrate that its claims against the various Defendants in this action arise out of the same "transaction or occurrence." The First Amended Complaint contains no allegations suggesting any relationship or common scheme among the Defendants. Rather, as plead, the First Amended Complaint alleges separate and distinct acts of trademark and copyright infringement against each Defendant separately. That Defendants are alleged to have engaged in similar misconduct, in separate instances, against Adobe is an insufficient basis for which to join all Defendants into a single suit.

This case is materially similar to *IO Group, Inc. v. Does 1-19*, No. C10-03851 SI, 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010), where plaintiff alleged that 19 "Doe" defendants had each illegally copied and shared its protected copyrighted materials on a peer-to-peer network. *Id.* at *1. The court stated that "the complaint alleges that nineteen different defendants reproduced eighteen different copyrighted films on fifteen different days." *Id.* at *3. Significantly, the complaint did allege that the defendants "conspired" with each other, but "those allegations [were] wholly conclusory and lack[ed] any facts to support an allegation that defendants worked in concert to violate plaintiff's copyrights in any of the protected works." *Id.* Other courts have also so held. *See, e.g.*, *Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628 (E.D. Va. 2012) (defendants' illegal downloading of the same copy of plaintiffs' copyrighted work through the same file sharing protocol did not satisfy same transaction or occurrence test as there was no indication that

defendants acted jointly); *PPV Connection, Inc. v. Melendez*, 679 F. Supp. 2d 254 (D.P.R. Jan. 19, 2010) (Defendants who allegedly intercepted closed-circuit signal of boxing match in violation of the Federal Communications Act had not engaged in same transaction as there was no evidence they acted in concert or had any relationship); *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151 (D. Conn. Dec. 9, 2008) ("The 'same transaction' requirement means that there must be some allegation that the joined defendants 'conspired or acted jointly.'").

     Adobe raises two arguments as to why its claims against each Defendant arise out of the same transaction or occurrence for purposes of Rule 20. First, they argue that three of the Defendants have all entered into the same "Adobe Partner Connection Program Reseller Agreement" which expressly provides that any dispute arising under that agreement would be brought in state or federal court in Santa Clara County. Adobe Opp. at 4-5. Adobe thus argues that because these agreements grant these three Defendants the right to resell Adobe products, the Plaintiffs' alleged selling of unauthorized merchandise thus arises under the same "transaction or occurrence." The Court disagrees. As an initial matter, no allegations regarding these agreements – such as their existence, effective dates, or the connection between these agreements and the alleged infringing acts (if any) – are contained in the First Amended Complaint. Further, the mere fact that some (but not all) of the Defendants have entered into these agreements in no way establishes a "logical connection" between the alleged infringing acts brought by separate Defendants.

     Second, Adobe argues that "[a]lthough unknown at this time, it is likely that each named Defendant will have the same or similar source(s) for the unauthorized and/or counterfeit ADOBE-branded products acquired and sold." *Id.* at 4. Similarly, they state that "Defendant, and each of the other named Defendants, are likely on the same or similar source(s) customer lists unbeknownst to each other." *Id.* As with Adobe's previous argument, Adobe has completely failed to allege in the First Amended Complaint that Defendants had the "same or similar" sources for their alleged counterfeit or unauthorized Adobe products. More fundamentally, however, just as the fact that a number of defendants downloaded the same copyrighted work separately a peer-to-peer network, the fact that all Defendants here allegedly could have obtained the counterfeit or unauthorized copies of the Adobe products from the same or similar sources, without concerted action, does not satisfy the

same transaction or occurrence test for purposes of Rule 20.  *See, e.g.*, *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 WL 7132629 (N.D. Cal. Aug. 1, 2006) ("The only connection between defendants noted by plaintiffs' papers is the fact that defendants allegedly used the same ISP . . . to conduct the infringing acts.  However, absent any allegation that these individuals acted in concert, there is no basis for joinder.").

Ultimately, Adobe's arguments conflate the two distinct requirements for permissive joinder.  The fact that there may be a common question of law or fact as to all the Defendants (as required under Rule 20(a) (2)(B)) does not necessarily mean that the claims against those Defendants arise from the same transaction or occurrence (as required under Rule 20(a)(2)(A)).  Adobe has shown, at most, the possibility of a common question of law or fact.  They have failed, however, to show that the claims against each Defendant arise out of the same transaction or occurrence.  Accordingly, Adobe improperly joined the Defendants under Rule 20.

Having found that permissive joinder is improper in this action, the Court must determine the proper remedy.  Courts in this circuit have noted that the proper remedy for misjoinder is to dismiss those defendants who have been misjoined – that is, all but the first-named defendant.  Thus,  in *Thomas v. Ellis*, C12-5563 CW (PR), 2014 WL 116286 (N.D. Cal. Jan. 13, 2014), the court, having found improper joinder, recognized that "[d]ismissal of the entire action is not necessary, however, because the improper joinder problem can be solved by dismissing the improperly joined parties." *Id.* at *3; *see also Third Degree Films, Inc. v. John Does 1 through 4*, 12-CV-1849 BEN BGS, 2013 WL 3762625, at *1 (S.D. Cal. July 16, 2013) ("In the case of misjoinder, the proper remedy is to sever misjoined parties and dismiss claims against them, as long as 'no substantial right will be prejudiced by the severance.'"); *Funtanilla v. Tristan*, 10-CV-06001OWWGSAPC, 2010 WL 1267133, at *7 (E.D. Cal. Mar. 30, 2010) ("Therefore, the misjoined defendants shall be dismissed and the claims against severed and dismissed from this action.  The court shall dismiss all but the first named defendant . . . .").

Accordingly, Defendants' motion to sever and dismiss is **GRANTED**.  While only Defendants My Choice Software, Software Tech, and Bargain Software Shop have moved for severance, the Court *sua sponte* severs and dismisses without prejudice the claims against each

6

Defendant in this action with the exception of Colorado Internet Services, LLC, the first named defendant.[1] *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *see also Imageline, Inc. v. CafePress.com, Inc.*, No. CV 10-9794 PSG (MANx), 2011 WL 1322525, at *8 (C.D. Cal. Apr. 6, 2011) ("Though improper joinder is not grounds for dismissal of an action, the Court may *sua sponte* drop improperly joined parties or sever improperly joined claims.").

Because Adobe has entered into a settlement with – and dismissed its claims against – Colorado Internet Services, LLC, and Erik Jeffries (Docket No. 44) this order disposes of the remainder of the action. Accordingly, the Clerk is ordered to close the file.

Defendants' motion for a more definite statement is **DENIED** as moot.

This order disposes of Docket Nos. 26, 30, and 31.

IT IS SO ORDERED.

Dated: March 12, 2014

EDWARD M. CHEN
United States District Judge

---

[1] Adobe argues that since Colorado Internet Services has entered into a settlement, dismissal of My Choice Software would be improper as they are the "next named" Defendant. The Court disagrees. That Adobe has chosen to settle with the first-named Defendant does not change the fact that the other remaining Defendants – including My Choice Software – were improperly joined.